# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. BRADY,<br><br>                            Plaintiff,<br><br>   vs.<br><br>BARCLAYS CAPITAL DBA HOMEQ SERVICING AND DOES 1 THROUGH 5, INCLUSIVE,<br><br>                           Defendants. | CASE NO. 10CV1475-IEG (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 3] |

    Defendant Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing ("Defendant") moves to the Court to dismiss Plaintiff Keith D. Brady's ("Plaintiff") Complaint. Plaintiff filed an opposition and Defendant filed a reply. Defendant's motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

    On June 7, 2010, Plaintiff filed a Complaint in Superior Court for the State of California in the East San Diego County Division. See Notice of Removal, Ex. A. The Complaint contains a single allegation, that Defendant "[s]urrendered its rights (relinquished) to do business in

1  California . . . but initiated foreclosure proceedings against my property in June of 2009 illegally."[1]
2  See id.
3  On June 7, 2010, Plaintiff filed a Complaint in Superior Court, and on July 15, 2010,
4  Defendant removed the case to this Court pursuant to 28 U.S.C. 1441(a). Defendant then filed the
5  present motion to dismiss on July 19, 2010. Plaintiff filed a response in opposition and Defendant
6  filed a reply.

**DISCUSSION**

**I.    Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556).

---

[1] In its motion to dismiss, Defendant provided the following additional background: On July 20, 2005, Plaintiff obtained a mortgage loan in the amount of $646,800. The terms of the loan were memorialized in a promissory note ("the Note"), which in turn was secured by a Deed of Trust on property located at 11325 Crazy Horse Drive, Lakeside, California 92040 ("the Property"). The Deed of Trust was recorded on July 27, 2005. Defendant is the loan servicing agent for the current beneficiary of the Note and Deed of Trust.

When Plaintiff defaulted on the loan, a Notice of Default was recorded on August 21, 2009. The amount of default was $39,174.03. On October 2, 2008, a Substitution of Trustee was recorded. The Substitution of Trustee substituted Quality Loan Service as the Trustee under the Deed of Trust. On April 10, 2009, a Notice of Trustee's Sale was recorded. The sale was initially scheduled to occur on April 29, 2009. The sale was postponed and on August 28, 2009, a second Notice of Trustee's Sale was recorded.

1  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
2  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
3  action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal
4  conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
5  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for
6  the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that
7  defendants have violated the . . . laws in ways that have not been alleged." Associated Gen.
8  Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74
9  L.Ed.2d 723 (1983).

10 **II.   Analysis**

11  Defendant contends that Plaintiff's sole allegation—that Defendant is not registered to do
12  business in California—is refuted by a judicially noticeable public document available at the
13  California Secretary of State's office. See Def.'s Mot. at 3. Rather than opposing Defendant's
14  motion on the merits, Plaintiff asserts that he "mistakenly checked several boxes which indicated
15  that the Complaint was 'Joinder and Diversity.'" Pl.'s Opp'n at 2. In other words, Plaintiff
16  implies that Defendant improperly removed this case to federal court and requests the Court to
17  remand to Superior Court. See id.

18  The Court turns first, then, to whether removal was proper. An action is removable to
19  federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). District courts
20  have original jurisdiction where (1) the matter in controversy exceeds $75,000, and (2) it is
21  between citizens of different states. See 28 U.S.C. § 1332. In the present case, Plaintiff seeks
22  damages in excess of $75,000, see Notice of Removal, Ex. A (Complaint), and there is complete
23  diversity among the parties, compare Notice of Removal, Ex. A (Complaint) (identifying Plaintiff
24  as a resident of California) with Notice of Removal, Ex. D (identifying Defendant as a Delaware
25  corporation). Accordingly, removal was proper.

26  Because removal was proper, the Court turns to Defendant's motion and the single issue in
27  this case: whether Defendant is registered to do business in California. In support of its motion,
28  Defendant has submitted a Business Entity Listing of the California Secretary of State as Exhibit 6

1 of its Request for Judicial Notice.  The Court may take judicial notice of matters of public record
2 whose accuracy cannot reasonably be questioned, <u>see</u> Fed. R. Evid. 201(a); <u>Lee v. City of Los
3 Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001), and Exhibit 6 satisfies that standard.  The Business
4 Entity Listing corroborates Defendant's assertion that it is "registered and authorized to transact
5 intrastate business in California," Def.'s Mot. at 3 (citing RJN, Ex. 6), and it refutes Plaintiff's
6 factual allegation to the contrary.  Because Plaintiff's Complaint consists of a single factual
7 allegation, and because Defendant has refuted that allegation, the Court concludes that Plaintiff's
8 Complaint fails to state a claim upon which relief can be granted.  Therefore, the Court **GRANTS**
9 Defendant's Motion to Dismiss Plaintiff's Complaint.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**, and the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED.**

DATED:  October 6, 2010

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**